UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JUAN GARCIA,[1]

                              Plaintiff,

        -against-                                          9:15-cv-1159 (LEK/CFH)

RICHARD A. BROWN, *et al.*,

                              Defendants.

_____

## DECISION and ORDER

## I.      INTRODUCTION

        Plaintiff Juan Garcia ("Plaintiff") commenced this civil rights action *pro se* in September

2015.  Dkt. No. 1 ("Complaint").  Plaintiff submitted an Amended Complaint on October 19, 2015.

Dkt. No. 3 ("Amended Complaint").  Plaintiff did not pay the filing fee and requested leave to

proceed *in forma pauperis*.  Dkt. No. 9 ("IFP Application").

        In a Decision and Order filed November 24, 2015, Plaintiff was denied leave to proceed *in

forma pauperis* because he has three strikes and did not demonstrate that he faced "imminent danger

of serious physical injury" when he filed this action.  Dkt. No. 18 ("November Order").  Plaintiff

was afforded the opportunity to pay the filing fee if he wanted to pursue his claims.  Id. at 6.  The

deadline for receipt of that payment was set for December 24, 2015.  Plaintiff asked that he be

permitted to pay $200.00 in full satisfaction of the filing fee.  See Dkt. No. 19.  On December 7,

_____

        [1] Plaintiff, confined in the custody of the Department of Corrections and Community
Supervision ("DOCCS") under DIN 09A5409, is identified herein by his commitment name, Juan
Garcia.  See Inmate Information, N.Y. Dep't of Corr. & Community Supervision,
http://nysdoccslookup.doccs.ny.gov (last visited Jan. 11, 2016).  Plaintiff identifies himself in
his pleadings as "Jesus H. Garcia, Jr.," and "Jesus Hernan Garcia, Jr."; Plaintiff has also filed actions
using the name "Juan H. Garcia."

2015, the Court denied Plaintiff's request. Dkt. No. 20.[2] In a Decision and Order filed January 19, 2016, the Court reviewed the proceedings in this action and noted Plaintiff's failure to pay the filing fee as directed in the Court's prior orders. Dkt. No. 26 ("January Order").[3] As a result, the action was dismissed without prejudice and the Clerk was directed to enter judgment accordingly. Id. at 3.[4]

Presently before the Court is a Motion from Plaintiff which, liberally construed, seeks reconsideration of the January Order and appointment of pro bono counsel. Dkt. No. 31 ("Motion").

## II.    DISCUSSION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law, (2) new evidence not previously available comes to light, or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." Maye v. New York, No. 10-CV-1260, 2011 WL 4566290, at *2 n.6 (N.D.N.Y. Sept. 29, 2011) (quoting C-TC 9th Ave. P'ship v. Norton Co., 182 B.R. 1, 2 (N.D.N.Y.

---

[2] Plaintiff also filed a submission by which he appeared to seek reconsideration of the November Order on the ground that the claims asserted in his Complaint were not subject to dismissal as frivolous or malicious or because they fail to state a claim upon which relief may be granted. Dkt. No. 21. Plaintiff's Motion was denied; Plaintiff was advised that the Court had not reviewed the sufficiency of his claims and reminded him that the deadline for payment of the filing fee was December 24, 2015. Dkt. No. 22.

[3] The Court also noted that Plaintiff had not stated his intention to pay the full fee or requested additional time in which to do so. Jan. Order at 3.

[4] Upon dismissal of this action, the amount received from Plaintiff in partial payment of the filing fee, $200.00, was returned to him. Dkt. No. 28.

1995).

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider "is not favored and is properly granted only upon a showing of exceptional circumstances." <u>Marrero Pichardo v. Ashcroft</u>, 374 F.3d 46, 55 (2d Cir. 2004). Reconsideration should be granted where necessary to correct for "clear error" or to "prevent manifest injustice." <u>Munafo v. Metro. Transp. Auth.</u>, 381 F.3d 99, 105 (2d Cir. 2004).

In his Motion, Plaintiff appears to restate the provisions of 28 U.S.C. § 1915A which govern a court's sua sponte review of pleadings filed by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> Mot. at 1-3.[5] While not entirely clear, the Court understands Plaintiff to contend, as he did in an earlier Motion, that the Court improperly determined that his Complaint did not survive that review. Dkt. No. 21.[6]

Plaintiff's Motion affords no basis for reconsideration of the January Order and is therefore denied. This action was dismissed without prejudice due to Plaintiff's failure to comply with the filing fee requirements. Jan. Order at 3. Because the filing fee was not paid in full, review of the Complaint in accordance with § 1915A was not undertaken and no rulings regarding the sufficiency of Plaintiff's claims were made.

Plaintiff's renewed request for appointment of pro bono counsel must also be denied. <u>See</u>

---

[5] Sua sponte review by the court is also required when a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B).

[6] Indeed, the two motions appear to be substantially the same. <u>Compare</u> Dkt. No. 21, <u>with</u> Mot.

Mot. at 6-9. As Plaintiff was previously advised, denial of his IFP Application pursuant to § 1915(g) "precludes him from receiving appointed counsel." Jan. Order at 3 n.6 (citing <u>Mills v. Fischer</u>, 645 F.3d 176, 177-78 (2d Cir. 2011)). The Court notes, moreover, that Plaintiff's invocation of the Sixth Amendment does not alter this conclusion. <u>See</u> Mot. at 6-8. The Sixth Amendment is limited to "criminal prosecutions," U.S. CONST. amend. VI, and "[t]here is thus no Sixth Amendment right to counsel in civil cases." <u>United States v. Vilar</u>, 979 F. Supp. 2d 443, 445-46 (S.D.N.Y. 2013), <u>appeal dismissed</u>, No. 13-4400 (2d Cir. Mar. 25, 2014); <u>see also</u> <u>Turner v. Rogers</u>, 131 S. Ct. 2507, 2516 (2011).

## III.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 31) for reconsideration of the January Order and renewed request for appointment of pro bono counsel is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:      March 15, 2016
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

4